```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JASPER WALTER JONES,
              PLAINTIFF,                   NOTICE OF MOTION FOR
                                           DEFAULT JUDGEMENT
AGAINST,                                   INDEX # 06-CV-3665(CM)

WESTCHESTER COUNTY DEPARTMENT OF           OCTOBER 21, 2007
CORRECTIONS MEDICAL DEPARTMENT,
WARDEN ANTHONY AMICCUCI AND                07CV 3019(CM)
MS. JUNE YOZZO ADMINISTRATIVE
LIASION,
              DEFENDANTS
_____
```

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/3/07

YOUR HONOR:

  PLEASE TAKE NOTICE; that upon the annexed affidavit of Jasper W. Jones, sworn to on the 21 day of October, 2007, and upon the complaint herein, the plaintiff will move this Court, Honorable Kimba M. Wood, United State District Judge, Southern District of The State of New York on the 30th day of November, 2007 or as soon thereafter as the Movants papers may be heard, for a Order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, granting a Default Judgement against the named defendants and awarding the plaintiff the sum of $50,000.00 fifty thousand dollars for the undo suffering, anguish, pain, and extended period of deterioration while in the custody of the defendents who exhibited deliberate indifference to the serious medical needs of the plaintiff.

Dated  St. Lawerence County New York

       October 21, 2007

```
Defendants Address:                    JASPER Walter Jones
Westchester County Jail                Plaintiff Pro-Se
P.O. Box 10                            #07A1667  G-2-33
Woods Road                             Gouveneur, Corr. Fac.
Valhalla, New York                     370 Scotch Settlement Rd.
Attn. To                               Gouveneur, New York
Warden Anthony Amiccuci                         13642
Ms. June Yozzo
REGINALD J. Johnson, Assistant County Attorney
148 Martine Ave. White Plains, New York 10601
```

11/30/07  Denied. Defendants are not in default.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASPER WALTER JONES,
            PLAINTIFF,

AGAINST.

WESTCHESTER COUNTY DEPARTMENT OF
CORRECTIONS MEDICAL DEPARTMENT,
WARDEN ANTHONY AMICCUCI AND
MS. JUNE YOZZO, ADMINISTRATIVE
LIASION,
            DEFENDANTS.

AFFIRMATION IN SUPPORT
OF MOTION
INDEX # 06-CV-3665(CM)

OCTOBER 21, 2007

STATE OF NEW YORK        )
COUNTY OF ST. LAWERENCE ) SS.:
STATE OF NEW YORK        )

I JASPER WALTER JONES, being duly sworn, deposes and says that all of the informations and statements in this affirmation are true and correct to the best of my knowledge, under the penalty of perjury.

I Jasper Walter Jones, am the plaintiff in the above entitled action, and respectfully move this Court to issue an order for a Default Judgement against the named defendants in the amount of $50,000.00 (fifty thousand dollars) to be awarded to the plaintiff, for the unreasonable anguish, pain, suffering, and the resulting deterioration that he experianced, due to the deliberate indifference of the defendants to the serious medical needs of the plaintiff, while he remained in the custody care and control of the defendants.

The reasons why I am seeking this relief are as follows:

The plaintiff states that the defendants and their attorneys were due to respond to the plaintiff and the Court by the established date of October 12, 2007.

The respondants filing were dated Octoger 12, 2007, therefore a late filing and in defiance of the Court directives.

In addition the filings of the defendants were incomplete, and

intended to mislead the Court. In that the defendant's attorneys omitted pages 2,4,6,8,10,&12 of the plaintiffs claim, portraying him as inept, and rendering the claim moot.

THEREFORE the request for a Default Judgement should be granted in favor of the plaintiff, in the forstated amount of $50,000.00, and any other relief that the Court may seem just and proper.

Additionally, and and all other counter claims of the defendants or their attorneys, requests for additional extensions, or any other subsequent request be denied, and dismissed, in the interest of justice.

The Plaintiff Jasper Walter Jones, in support of his request for a default judgement states the following in response to the defendants.

**1. The defendants state that medication was provided to treat the plaintiff's arthritic condition.**

    1A. Medical professionals and documentation will readily agree that there is **NO MEDICATION** to treat arthritis or osteoarthritis or eliminate the associated pain. Medications that are prescribed are administered to anesthetize the pain, not treat the diseaes, nor restore the bone and cartilage that has degenerated.

**2. A second sleeping matress was provided to alleviate the pain and discomfort experianced while sleeping and or sitting.**

    2A. These statements of the defendants go to substanciate the awareness of a serious medical condition, as additional mattresses are only provided through the medical department of the Westchester County Jail, and then authorized through the supply department before issuancce.

**3. The plaintiff was scheduled to receive a fitted back brace, and to receive physical therapy, before he was transferred to a State correctional fascility on March 27, 2007.**

    3A. The plaintiff was placed in the custody of the Westchester County Jail on **March 27,2006**. As noted on **March 27, 2007** he was transferred to the custody of the New York State Department of Corrections, and had not received the

(continued)

recommended "back brace" nor had he undergone a single session of physical therapy. This constitutes a (12) twelve month period of time where not only did the plaintiff suffer, but the disease progressed and the degeneration became more severe and debilitating.

    4. The defendants state that the plaintiff was **mistakenly taken** to the Westchester County Medical Center, in preparation for hip replacement surgery.

    4A. In early December 2006, the plaintiff was taken to the Westchester County Medical Center for a further evaluation and consultations. At that time Medical professionals and Osteopathic Professionals concluded that a serious medical condition existed and that total replacement of both hip joints was the recommendation of the medical staff.

    The plaintiff was returned to the Westchester County Jail where he underwent a series of pre-operational workups, such as vital signs, E.K.G. blood and urine samples etc. upon orders of the medical personnel of the Westchester County Medical Center, and surgical Department.

    Therefore when I was taken and returned to the Westchester Medical Center, it had been planned and scheduled, Preparations had been made for transportation, Security, Hospital and Surgical suites had all been made ready.

    Therefore the defendants stating that the plaintiff was **mistakenly taken** to the Westchester Medical Center this statement should be viewed as highly speculative, irregular, and obviousely untrue.

    This is the pivotal point of this claim because here is when the decision was made by Ms. J. Yozzo that the procedure would be ruled "Elective", and would not be done at the expense of the County.

    The substanciation behind this statement of the plaintiff, is that in the presence of another detainee, Mr. Peter Alesio, Ms. J. Yozzo told the plaintiff that" I have determined the surgical procedure a non-emergency, and it would not be done, besides you will

be getting sentenced soon and then the State can assume the responsibility".

Subsequent to that, The Westchester County Supreme Court, The Honorable Judge Judith Cacace presiding was in her words" **made privy to the medical filed of the plaintiff, which indicated that the back brace was serving me well and I was responding well to the physical therapy.**"

When this was revealed in Court prior to sentencing the plaintiff had not been fitted for any back brace therefore had not received it and had not undergone a single session of physical therapy.

This incorrect information and confidential medical files of the plaintiff were given to Judge Cacace without the consent of the Plaintiff or his Attorneys. Present at the time that this information was stated were the plaintiff's attorneys; Mr. Ron Stokes, Mr. Richard Ferrante, Mr. Andrew Proto. Mr. Cherico, and Assistant District Attorney Mr. Peter Carbone.

The plaintiff states that the only party with a interest to hurry the sentencing was Ms. J. Yozzo, in a effort to have the plaintiff removed from Westchester Counties custody into the New York State Department of Corrections.

The plaintiff was transferred into the custody wihtin 72 hours of sentencing, a process that normally takes 10 days to three weeks.

****NOTE: the plaintiff had exhausted his administrative remedies in the filing of grievances. The grievance was in the final stage but the result of the grievance was never received as the plaintiff was expeditiousely transferred.

<u>West v. Keve 571, F2d. 158,162 (3d Cir 1978)</u> states that de-LIBERATE indifference standard is met when doctors or administrators choose a easier or less expensive means of medical care and treatment.

FARMER V BRENNAN 511 USC 825, 837, 114 Sct 1970 128 L. Ed. 811,825. Deliberate Indifference is purposefully ignoring serious medical needs of a prisoner which constitutes the inappropiate and wrongful infliction of pain that the 8th Amendment forbids.

5. The defendants state that medical doctors determined that the plaintiff should be fitted with a metal back brace and referred to physical therapy.

5A. The plaintiff was never fitted with a back brace, nor did he undergo a single session of physical therapy. Instead he was given rubberized ace bandage for his midsection which provided no support, nor did it releive any pain or discomfort. This issuance was just days prior to his being transferred.

6. The defendants state correctly that within a month of the plaintiff's detainment at Westchester Department of Corrections, he did request that his medical charts be corrected, because he was restricted from work. The medical records will reveal that his medication was received to reduce his arthiritic pain not any back condition.

It is true that the plaintiff worked buffing floors and as a law library clerk, until it was obvious to the personnal he worked for maintaining the floors, Captain Pangburg on the 11 to 7 shift noted the extreme pain the plaintiff endured as he tried to perform the simplest of associated tasks, and recommended that he give up the floor maintenence detail.

### LEGAL STANDARD ON RULE 12(b) (6) MOTION

The plaintiff has responded to the defendants allegations truthfully and the medical documentation as well as testimonies of those mentioned and many others, if called would confirm the truth of all the plaintiff has stated.

Additionally the plaintiff was received by the New York State

Department of Corrections on March 27th, 2007.

He was immediately placed in medical isolation where his meals were brought to him and his mobility was limited.

The plaintiff was transferred to Riverview Correctional Fac. on May 3, 2007 where he was placed in a medical dormatory interviewed, assessed by doctors and orthopedic professionals. The evaluations wereforwarded to Albany, reviewed and confirmed by medical, and approved byothers to have the surgical procedure performed.

The plaintiff's left hip was replaced on May 26,2007, 23days after arriving at the facility. The right hip was replaced on September 24, 2007.

One can only conclude the seriousness and conditionof the plaintiff to have been given such a priority, and that the decision made at Westchester County Jail that the surgical procedure was "**NON-EMERGENCY AND ELECTIVE** was a unwarranted and unfounded conclusion on which the claim of deliberate indifference is just and appropiate, and the defendents are guilty of the allegation.

7. The defendant claims that the plaintiffs complaint is **LEGALLY INSUFFICENT,** HAVING FAILED TO CITE A Constitutional violation and the individuals involved.

    7A. The plaintiff's claim is violation of the 8th Amendment cruel and unusual infliction of pain and suffering, and the deliberate indifference to a serious medical need and condition. In addition he named the individuals he felt were responsible, being Ms. J. Yozzo, who ordered that the needed surgical procedure not be performed, and Warden Anthony Amiccuci who is responsible for the actions of his employees, as well as the care, custody and control of the detainees held at the facility.

Therefore the plaintiff's complaint is legally sufficient and

should not be dismissed.

**THE DEFENDANTS HAVE MOVED FOR DISMISSAL OF THE PLAINTIFF'S CLAIM ON (5) FIVE ADDITIONAL POINTS.**

1. County defendants did not fail to provide adequate medical care to the plaintiff.

2. The complaint fails to allege that specifically named individuals of Westchester County acted deliberately indifferent to plaintiff's medical needs.

3. Complaint fails to allege that Plaintiff's Constitutional injuries resulted from a municipal policy or custom.

4. Warden Anthony Amiccuci and Ms. J. Yozzo are entitled to qualified immunity.

5. Plaintiff's requests is moot and therefore should be dismissed.

**PLAINTIFF'S RESPONSES ARE AS FOLLOWS:**

**Upon** committment to the Westchester County Jail each person is interviewed by medical personnel. At that time medical histories, and present physical conditions are noted and assessments of medical needs are documentated.

The individual signs a consent form for medical care and treatment. Pages# 1,3,&4 of the respondants Exhibit" C".

Upon the signing of this medical assessment form the plaintiff had every reason to believe and expect that his medical needs would be met as **Specific Performance** dictates, since at that point the person is no longer able to seek and obtain medical services of his own choosing.

Therefore as held by the Second Circuit, as a pretrial detainee the right to Adequate Medical Treatment are at least as great as the Eighth Amendment protections available to those who have been con-

victed of a crime and imprisoned as a result thereof.

Since it is established that the plaintiff was experiancing the effects of his degenerative bone disease, as he was admittedly under the care of medical professionals prior to his confinement and awaiting surgery, the Westchester County Jail assumed that responsibility.

A person in a pretrial detention center which is involuntary detention and non-punitive are under the protection of the 14th Amendment of the United States Constitution which provides a greater protection than the 8th Amendment of the Constitution against Cruel and unusual punishment.

Reasonable Medical Care Standard, is a higher standard than Adequate Medical Care of the 8th Amendment, and can only be denied if there is a <u>Ligitamate Government Objective</u>. **To avoid the expense is not a ligitamate government objective.**

A 1996 Court decision <u>Koehl v Dalsheim</u> the Court found that a prison official was deliberate indifferent when he confiscated a prisoners eyeglasses. The double vision, headaches, and severe pain the prisoner experianced without his glasses was sufficiently serious, in addition, failure to treat a **SERIOUS HIP CONDITION REQUIRING SURGERY, AN INFECTED AND IMPACTED WISDOM TOOTH AND A HERNIA, ALL MET THE SUFFICIENTLY SERIOUS STANDARD. KOEHL V. DALSHEIM 85F, 3d 86 (2d 1996).**

When medical professionals determined that the surgery was the recommended alleviant to the medical condition of the plaintiff, the prolonged suffering the plaintiff had to endure and the denial of the surgical procedure was unquestionably deliberate indifference to a serious medical condition.

The County, the facility and the personnel who were responsible for the plaintiffs care failed to provide the constitutionally demanded care and treatment.

2. The complaint specifically named the defendants that the plaintiff knew were responsible for his care and treatment, and specifically named Ms. J. Yozzo as the person who informed him that she had denied the surgery making the determination that it was " Elective" and would not be done through her and Westchester County Medical.

3. The plaintiff cannot pinpoint with certainty a policy or custom, as he does not have access to every persons file who may have had a medical issue while detained at the Westchester County Jail. The plaintiff has stayed away from hearsay and speculation and has solely relied on his own experiance and personal knowledge.

To conclude that a pattern, custom or policy exists at the Westchester County Jail would reasonably be the responsibility of a committee equipt to handle such a investigation of that magnitude. Therefore it is unreasonable to demand that the plaintiff produce this type of evidence in support of his claim.

4. The plaintiff has experianced Warden Anthony Amiccuci's genuine care and concern for all of the going-on of the jail's detainees as well as the civilian employees, which to the plaintiff has always been fair.

I do not believe that Warden Amiccuci was kept abreast of the decisions and actions of Ms. J. Yozzo. I believe Ms. Yozzo deliberately concealed her actions from Warden Amiccuci, just as she has offered false statements and deceptions to her counsel before this Court.

Mr. Anthony Amiccuci is a named defendant due to his position as Warden over the facility and the actions of his employees are his responsibility.

Ms. J. Yozzo culpability is apparent and blatant. Ms. Yozzo not only acted with deliberate indifference to the plaintiff's serious medical needs, but has compounded the situation with lies and deception, and dispicable tactics to undermind the Superior Count of Westchester

County and now The United States District Court and its representatives.

Therefore the defendants motion for dismissal of the plaintiff's claim against the defendants claiming immunity should be dismissed and denied.

5. The plaintiff's request for relief is not moot simply because he is not now in the custody of the Westchester County Jail and the defendants.

The fact remains that for (12) twelve months the plaintiff suffered needlessly with debilitating pain and discomfort. That with full knowledge of the suffering and the seriousness of the medical condition he was denied the recommended surgical procedure which resulted in additional months of pain.

The prolonged pain and suffering endured was unnecessary and wanton self indulgence, which marked the heedless disregard of justice, or the rights of safety and feelings of others. This is the mark of deliberate indifference that Ms. J. Yozzo displayed and justifys the claim of the plaintiff, and his request for relief in the sum of $50,000.00 for the forementioned sufferings, and the denial of reasonable Medical care thhat he was due, under the 8th and 14th amendments of The Constitution of The United States and the Constitution of the State of New York, and all other remedies that the Court may seem just and proper.

**WHEREFORE,** I respectfully request that the Court grant the plaintiffs motion for the relief requested within this his motion.

Sworn To Before Me This
21 day of October 2000

_____
Notary Public

T Christopher Reed
Notary Public. State of New York
No. 01RE6074262
Qualified in St. Lawrence County
Commission Expires: 5/5/2010

_____
Jasper W. Jones
Jasper Walter Jones
Plaintiff Pro-Se

AFFIDAVIT OF SERVICE

I JASPER WALTER JONES, declare under penalty of perjury that I have presented a true copy of the attached Notice of Motion, Affirmation In Support, and Motion for a Default Judgement, by depositing the same in a secure box designated for United States Mail, to be delivered to the following parties whose address are as follows:

Warden Anthony Amiccuci
Westchester County Department of Corrections
10 Woods Road, P.O. Box 10
Valhalla, New York 10595

Ms. June Yozzo
Westchester County Department of Corrections
Administrative Liasion
10 Woods Road P.O. Box 10
Valhalla, New York 10595

Wescchester County Attorneys Office
Attn. Mr. Reginald J. Johnson
Assistant County Attorney
148 Martine Ave.
6th Floor
White Plains, New York 10601

Pro-Se OFFICE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007
THE HONORABLE KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE

Jasper Walter Jones
# 07A1667 G-2-33
Governeur Corr. Facility
370 Scotch Settlement RD.
Gouverneur, New York
13642

SWORN TO BEFORE ME THIS
21 day of October, 2007

Notary Public

T. Christopher Reed
Notary Public, State of New York
No. 01RE6074262
Qualified in St. Lawrence County
Commission Expires: 5/13/2010